UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTINA S.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C22-5858-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated the opinions of Siobhan Budway, Ph.D., Kimberly Wheeler, Ph.D., Holly Petaja, Ph.D., and Gary Farber MCP/LMHC, and erroneously discounted her testimony and. Dkt. 19 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 47 years old, has an 8th-grade education, and has worked as a cashier, cook, cleaner, janitor, membership solicitor, and deli clerk. Tr. 53, 73, 304, 322-23. In April 2019, she applied for benefits, alleging disability as of January 15, 2019. Tr. 273-80. Her applications were denied initially and on reconsideration. Tr. 185-88, 190-95. The ALJ conducted a hearing in July 2021 (Tr. 60-118), and subsequently issued a decision finding

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

Plaintiff not disabled. Tr. 36-54. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## DISCUSSION

**A.      Medical Opinion Evidence**

The applicable regulations required the ALJ to articulate the persuasiveness of each medical opinion, specifically regarding whether the opinions are both supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated the opinions below.

　　　　　1.      *Siobhan Budwey, Ph.D.*

Dr. Budwey examined Plaintiff in March 2019. The ALJ noted the doctor opined Plaintiff had moderate limitations with understanding, remembering, persisting in tasks, performing routine tasks without special supervision, and asking simple questions or asking for help. Tr. 49 (citing 403-07). Dr. Budwey also opined Plaintiff had marked limitations in mental functioning including performing work within a schedule, maintaining attendance, being punctual for work without special supervision, and completing a normal workday or week. *Id.*

The ALJ found Dr. Budwey's opinions "not persuasive" because they were inconsistent with the medical evidence of record; evidence suggesting Plaintiff inflated her symptoms and limitations during the evaluation; Plaintiff's records showing she has heightened symptoms due to situational stressor but her mental health condition is otherwise stable and managed effectively; and Plaintiff's ability to babysit her grandchildren, manage her activities of daily living independently, and socialize with her family and friends. Tr. 49-50.

Plaintiff contends the ALJ erred because the record is not inconsistent with Dr. Budwey's opinion and only demonstrates that her symptoms wax and wane. Dkt. 19 at 7-8. Plaintiff emphasizes her mood fluctuated (*id.*); the ALJ agreed but noted Plaintiff's fluctuating symptoms were tied to situational stressors.[1] The ALJ also identified a specific inconsistency: Plaintiff's memory and concentration were generally found to be normal during treatment appointments, which is inconsistent with Dr. Budwey's testing. *See* Tr. 47-48. Although Plaintiff suggests the treatment notes for her physical problems do not reflect an understanding of her mental health conditions, Dkt. 19 at 9, the record also contains generally normal findings as to memory and concentration in the mental health treatment notes. *See, e.g.,* Tr. 495, 536, 539-40, 581, 584, 585, 587, 733, 735, 737, 739, 741. Plaintiff has accordingly not shown the ALJ's interpretation of the evidence is unreasonable, and thus has failed to establish harmful error.

Plaintiff also contends the ALJ's finding her ability to babysit is inconsistent with Dr. Budwey's opinion. She argues she only babysat for two hours per month, with someone else with her. Dkt. 19 at 9. While Plaintiff indeed testified to that effect, Tr. 106-07, she reported to a provider in April 2021 that she took care of her three grandchildren for a week by herself and

---

[1] *See, e.g.*, Tr. 399 (treatment note where Plaintiff reported her significant other's alcoholism affects her mental health), Tr. 436 (Plaintiff reported problems with her son's father as well as symptoms caused by living away from her tribe), Tr. 473 (Plaintiff reported she is stressed by the wait for housing and requests a letter from her therapist to expedite the process), Tr. 475 (Plaintiff reported she stopped taking medication on her own and has increased symptoms), Tr. 487 (Plaintiff reported increased symptoms after discovering her significant other was cheating on her with her best friend), Tr. 489-91 (Plaintiff reported stress from waiting for housing decision while on deadline to vacate her current home), Tr. 492 (Plaintiff reported cultural conflict with her family at a funeral), Tr. 495 (Plaintiff reported boyfriend is verbally abusive, which inhibits their intimacy), Tr. 497 (Plaintiff reported her stress levels increased due to family members' illness and staying with them in the hospital, and boyfriend's increased drinking after she returned home), Tr. 502 (Plaintiff reported trying to stay away from home because her boyfriend's drinking is continuing, along with his verbal abuse), Tr. 718 (Plaintiff reported she recently lost a friend and is experiencing more mental health symptoms).

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1  explained she had been able to cut down on her smoking during this time because she could not
2  leave the grandchildren inside the home to smoke outside. *See* Tr. 587. Plaintiff also told her
3  provider she was going to bed at the same time as her grandchildren so she could wake up when
4  they woke up and have enough energy to care for them. *Id*. Given this evidence the Court cannot
5  say the ALJ erred in discounting Plaintiff's hearing testimony describing more limited
6  babysitting. *See* Tr. 49.

7  Plaintiff also disputes whether her ability to complete her daily activities independently
8  undermines Dr. Budwey's opinion, Dkt. 19 at 9, but the types of activities she reported she could
9  perform conflict with some of the limitations Dr. Budwey identified. For example, Dr. Budwey
10 found Plaintiff to be markedly limited in her ability to make simple work-related decisions and
11 set goals and plan independently, Tr. 405, yet Plaintiff reported she can independently complete
12 her activities of daily living (prepare meals, clean, manage finances, shop, use public
13 transportation). *See* Tr. 314-16. The ALJ reasonably contrasted Plaintiff's reported activities with
14 Dr. Budwey's opinion and did not err in finding inconsistencies. Plaintiff further contends that
15 her daily activities are not transferable to the world of work, Dkt. 19 at 9, but the ALJ did not
16 find her activities suggested the existence of transferable work skills. Rather, the ALJ found
17 Plaintiff's activities were inconsistent with the limitations noted by Dr. Budwey.

18 The Court notes the record is susceptible to several reasonable interpretations including
19 the ALJ's and Plaintiff's. In such a situation, the Court is constrained to affirm the ALJ's
20 determination. The Court accordingly affirms the ALJ's determination to discount Dr. Budwey's
21 opinions.

22  2.  *Holly Petaja, Ph.D.*

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

The ALJ noted that in March 2019, Dr. Petaja reviewed Dr. Budwey's opinion and treatment notes and "affirmed" Dr. Budwey's opinions. Tr. 50 (referring to Tr. 507-11). The ALJ found "Dr. Petaja's opinions not persuasive for the reasons above for Dr. Budway's assessment." *Id*. Plaintiff contends the ALJ erred because she had an independent duty to determine whether Plaintiff had established entitlement to benefits, "did not simply parrot Dr. Budwey but weighed her findings to come to an independent assessment of Plaintiff." Dkt. 19 at 14. However, the ALJ explicitly discounted Dr. Petaja's opinions for the same reasons the ALJ discounted Dr. Budway's opinions. The Court has affirmed the ALJ's determination to discount Dr. Budwey's opinions and thus similarly affirms the ALJ's treatment of Dr. Petaja's opinions.

      3.    *Kimberly Wheeler, Ph.D.*

Dr. Wheeler examined Plaintiff in April 2021, reviewed Dr. Budwey's opinion, and opined Plaintiff has several disabling mental limitations. Tr. 590-94. The ALJ found Dr. Wheeler's opinion partially persuasive because it is "somewhat consistent" with the longitudinal medical record. Tr. 51-52. The ALJ found the mild to moderate limitations identified by Dr. Wheeler were consistent with Plaintiff's activities as well as the records showing Plaintiff's mental health symptoms were stable despite inconsistent mental health treatment. *Id*.

However, the ALJ found the marked limitations assessed by Dr. Wheeler were inconsistent with evidence that Plaintiff inconsistently sought treatment for her mental health symptoms, and the ALJ further noted Plaintiff's memory and concentration was normal during treatment visits (but her concentration was impaired with Dr. Wheeler). Tr. 52.

Plaintiff challenges ALJ's assessment of Dr. Wheeler's opinion relying on the arguments she made regarding Dr. Budwey's opinion. Dkt. 19 at 13. As noted above, the ALJ cited evidence connecting Plaintiff's symptom flares to situational stressors and noted Dr. Wheeler's

finding of abnormal concentration was inconsistent with Plaintiff's generally normal objective concentration findings in the treatment record.  Consistent with the Court's earlier discussion, the Court finds Plaintiff has not shown the ALJ erroneously discounted Dr. Wheeler's opinions.

        4.        *Gary (Jess) Faber, LMHC*

In June 2021, Mr. Faber wrote a letter and completed a form opinion describing Plaintiff's treatment and symptoms, indicating she had had disabling limitations in all areas assessed since January 2019. Tr. 707-11. The ALJ found Mr. Faber's opinion unpersuasive, noting he stopped treating Plaintiff in 2019 and he therefore had a limited ability to assess her functioning after that point. Tr. 52. The ALJ also noted the form Mr. Faber completed is not consistent with agency forms rating limitations, and the across-the-board disabling limitations he noted were inconsistent with the treatment record, which documents symptom flares in the context of situational stressors and inconsistent engagement with treatment. *Id*. The ALJ also found Mr. Faber's opinion to be inconsistent with Plaintiff's ability to babysit her grandchildren, independently complete her activities of daily living, and socialize with family and friends. *Id*.

Plaintiff contends the ALJ erred because as a layperson, the ALJ is not qualified to interpret the medical record and find it inconsistent with Mr. Faber's opinion. Dkt. 19 at 16. Although a layperson, the ALJ has the authority and responsibility to determine whether a medical opinion is inconsistent with the medical record. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is responsible for resolving conflicts in the medical record."). Although Plaintiff suggests the "situational stressors" cited by the ALJ should be better understood as "landmarks to anchor her persistent grief," Dkt. 19 at 17, the situational stressors cited by the ALJ were not related to grief. *See supra*, note 2.

Moreover, the ALJ noted although Mr. Faber opined in June 2021 that Plaintiff's limitations had persisted at the same severity since January 2019, Mr. Faber stopped treating Plaintiff in 2019. Tr. 52. That Mr. Faber treated Plaintiff for less than half of the period covered by his opinion is a valid supportability factor, and further supports the ALJ's assessment of Mr. Faber's opinion. Plaintiff did not challenge this line of the ALJ's reasoning.

The Court accordingly affirms the ALJ's determination as to Mr. Faber's opinion.

**A.  Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony for numerous reasons including: (1) the objective medical evidence fails to corroborate the existence of disabling limitations; (2) Plaintiff's pain and respiratory complaints improve with medication, when Plaintiff complies with her regimen; (3) Plaintiff's mental health symptoms flare with situational stressors, but are otherwise managed effectively with inconsistent treatment; (4) Plaintiff testified at the hearing that she was unable to work due to her son's death, which is inconsistent with Plaintiff's demonstrated ability to work for years after her son's death; (5) Plaintiff exaggerated her mental deficits during DSHS examinations, when compared with her treatment notes; (6) Plaintiff made inaccurate statements about why she stopped working; (7) Plaintiff did not stop smoking against medical advice; (8) Plaintiff regularly denied any mental health or back issues throughout the record, despite claiming disabling mental and back-related limitations to the ALJ; (9) Plaintiff failed to inform her providers of the medication side effects she described at the hearing; and (10) Plaintiff demonstrated an ability to be around others and in public, manage her activities of daily living independently, babysit her grandchildren, and perform household chores, despite claiming limitations inconsistent with those activities. Tr. 43-49. In the absence of evidence of

malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ erred by using "the same reasons to reject the subjective claims as to reject medical opinions," and Plaintiff's "treatment records are consistent with Dr. Wheeler's opinion of persistent rather than situational grief." Dkt. 19 at 18. This argument fails because the Court has already rejected Plaintiff's arguments that the ALJ erred in evaluating the medical evidence and opinions as noted above. Further the ALJ presented many reasons to discount Plaintiff's testimony, some of which Plaintiff does not specifically challenge. The Court accordingly affirms the ALJ's determination to discount Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of May, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 8